SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
jpollaci@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile: (310) 201-5219

Natasha Harper (SBN 314589)
nlharper@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 277-9600
Facsimile: (213) 270-9601

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BAKER,<br>an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOWE'S HOME CENTERS, LLC, a<br>North Carolina Corporation and DOES 1<br>through 25, inclusive,<br><br>　　　　Defendants. | Case No.  **'24 CV 2492 DMS AHG**<br><br>[San Diego County Superior Court,<br>Case No. 24CU016969N]<br><br>**DEFENDANT LOWE'S HOME<br>CENTERS, LLC'S NOTICE OF<br>REMOVAL OF CIVIL ACTION TO<br>UNITED STATES DISTRICT<br>COURT**<br><br>Complaint Filed:　　October 9, 2024<br>Complaint Served:　December 3, 2024<br>Trial Date:　　　　None Set |

DEFENDANT'S NOTICE OF REMOVAL TO USDC

315318590v.2

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

Please take notice that Defendant LOWE'S HOME CENTERS, LLC, ("Lowe's" or "Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California. Defendant states that removal is proper for the following reasons:

## I.     BACKGROUND

1.     On October 9, 2024, Plaintiff  David Baker ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of San Diego, entitled, *David Baker v. Lowe's Home Centers, LLC, et al.*, designated as Case No. 24CU016969N. In the Complaint, Plaintiff alleges five (5) causes of action: (1) disability discrimination in violation of the Fair Employment and Housing Act (FEHA); (2) failure to accommodate a disability; (3) failure to engage in good faith in the interactive process; (4) retaliation in violation of FEHA; and (5) harassment in violation of FEHA.

**2.**     On December 3, 2024, Plaintiff served Lowe's with a Summons and the Complaint through its registered agent for service of process. Included in the service packet directed to Lowe's is a Notice of Case Management Conference set for June 13, 2025 at 9:00 a.m. in Dept N-27 of the San Diego Superior Court. True and correct copies of these documents served on Lowe's are attached as **Exhibit 1**.

3.     On December 30, 2024, Lowe's filed its Answer to the Complaint in San Diego County Superior Court. A true and correct copy of Lowe's Answer filed in San Diego County Superior Court is attached as **Exhibit 2**.

4.     **Exhibit 1** and **Exhibit 2** constitute all of the pleadings properly served on Lowe's and/or filed by Lowe's in the state court action prior to filing this Notice of Removal. The only hearing currently scheduled in the San Diego County Superior Court

2

DEFENDANT'S NOTICE OF REMOVAL TO USDC

315318590v.2

and in the state court action is the Case Management Conference scheduled for June 13, 2025 at 9:00 a.m. in Dept N-27 of the San Diego Superior Court. (*Id.*)

## II. TIMELINESS OF REMOVAL

5. This notice of removal is timely as it is filed less than one year from the date this action was commenced and within thirty days of the service of the Summons and Complaint upon Lowe's. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S.Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint). (*See* Declaration of Jamie Pollaci ["Pollaci Dec."] ¶¶ 2-3.)

## III. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

6. The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A. FOR PURPOSES OF THIS ACTION, PLAINTIFF IS A CITIZEN OF CALIFORNIA

7. "An individual is a citizen of the state in which he is domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is prima facie [evidence of] domicile").

8. At the time Plaintiff filed this civil action on October 9, 2024, he was a resident of the State of California.

3

DEFENDANT'S NOTICE OF REMOVAL TO USDC

315318590v.2

9.    At all relevant times pertinent to this action, Plaintiff was a resident of the State of California. (*See* Compl., ¶ 26.) Plaintiff was hired by Lowe's within the State of California in 2013 and worked for Lowe's in Oceanside, California, from January 10, 2013 to October 28, 2021 as a Customer Service Associate II and Cashier. (Declaration of Grace Ridley ["Ridley Dec."] ¶¶ 6-7.) Plaintiff's home address on file with Lowe's during the entire time period that he worked for Lowe's was within the State of California. (Ridley Dec. ¶ 6.) There are no documents in Plaintiff's personnel file to suggest that at any time during his employment he was a resident or citizen of any state other than California. (Ridley Dec. ¶ 6.)

## B.    DEFENDANT IS NOT A CITIZEN OF CALIFORNIA

10.    A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities .… [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

11.    Moreover, for purposes of removal, a limited liability company is treated as a partnership for purposes of diversity, and citizenship depends on the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

12.    Plaintiff was employed by Lowe's Home Centers, LLC. (See Ridley Dec. ¶ 6.) The sole member of Lowe's Home Centers, LLC is Lowe's Companies, Inc. (Ridley Dec. ¶ 3.)

13.    Lowe's Companies, Inc. is and was at the time the civil action was instituted a corporation organized under the laws of North Carolina. (Ridley Dec. ¶ 4.)

4

DEFENDANT'S NOTICE OF REMOVAL TO USDC

315318590v.2

14.     Further, Lowe's Companies, Inc.'s headquarters—where its high-level officers direct, control, and coordinate the corporation's activities—is located in Mooresville, North Carolina. (Ridley Dec. ¶ 5.) The majority of Lowe's Companies, Inc.'s executive and administrative functions take place at its headquarters in North Carolina. (*Id*.) All of Lowe's Companies, Inc.'s executives have offices in, and regularly work from, these headquarters. (*Id*.) The functions performed at Lowe's Companies, Inc.'s North Carolina headquarters include the activities of all of its high-level management team, and the majority of its administrative functions, including payroll, accounting, purchasing, marketing, legal, human resources, and information systems. (*Id*.) Lowe's Companies, Inc.'s company-wide policies and procedures are formulated at the North Carolina headquarters. (*Id*.) Lowe's Companies, Inc.'s activities and operations are directed and ultimately controlled from the North Carolina headquarters. (*Id.)* Thus, Defendant Lowe's Companies, Inc.'s principal place of business is in North Carolina, and it is a citizen of North Carolina, not California. Accordingly, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

**C.     DOE DEFENDANTS' CITIZENSHIP**

15.     The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

16.     Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 25, inclusive, does not deprive this Court of jurisdiction.

**IV.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

17.     While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely

5

315318590v.2

than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "*more likely than not*" that the amount in controversy exceeds the requisite threshold) (emphasis added).

18.    Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a *preponderance of the evidence* that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Further, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

19.    As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant(s) are not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986

DEFENDANT'S NOTICE OF REMOVAL TO USDC

315318590v.2

(S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

20. In determining whether a complaint meets the $75,000 threshold under 28 U.S.C. section 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

21. The calculations supporting the amount in controversy are based on Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which Defendant vehemently disputes) based on Plaintiff's theory of recovery.

22. Here, Plaintiff alleges under various legal theories that as a result of Defendant's alleged conduct, he "suffered and will continue to suffer emotional damages, in an amount according to proof at trial" and he is "entitled to punitive damages in an amount which will be proven at trial." (Compl., ¶¶ 30, 32, 40, 42, 49, 51, 56, 58, 66, 68.) Plaintiff also alleges that he "has suffered and will continue to suffer actual damages, including lost earnings, medical costs and other employment benefits, in a sum more than the jurisdictional limit of this Court" (Compl., ¶¶ 39, 48, 56, 65.) Plaintiff alleges he is entitled to economic and non-economic damages, attorneys fees, punitive damages and all other damages according to proof at time of trial. (Compl., Prayer for Relief ¶¶ 1-7.)

23. **Economic Damages.** In his Complaint, Plaintiff seeks to recover "compensatory damages including lost wages, earnings and other employee benefits and all other sums of money according to proof." (Compl., Prayer for Relief ¶¶ 1).

DEFENDANT'S NOTICE OF REMOVAL TO USDC

315318590v.2

24.    Plaintiff's Complaint alleges multiple claims under FEHA. Under such sections, a prevailing plaintiff is entitled to lost compensation, including fringe benefits, in the amount that he or she would have received but for the adverse employment action, less sums obtained through mitigation. *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970).

25.    Plaintiff worked for Lowe's from January 10, 2013 to October 28, 2021. (Ridley Dec. ¶¶ 6, 7.) Lowe's records indicate that Plaintiff was paid at the rate of $15.48 per hour at the time his employment ended in October 2021. (*Id.*) At the end of his employment, Plaintiff was earning approximately $185.76/week.[1] (*Id.*)

26.    Conservatively estimating a December 2025 trial date (14 months after the Complaint was filed in October 2024 and 12 months after removal), Plaintiff's past lost wages would amount to $43,467.84—approximately four and a half years between Plaintiff's last day of employment with Defendant, and trial in December 2025.[2]

27.    In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See*, *e.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

---

[1] $15.48/hr x 12 hrs = $185.76. Plaintiff worked part-time, and his hours varied, but during his last 6 months of employment, he worked an average of 12 hours per week.
[2] ($185.76 x 52 weeks) x 4.5 years = $43,467.84.

DEFENDANT'S NOTICE OF REMOVAL TO USDC

315318590v.2

28.     An award of three years of front pay would entitle Plaintiff to an additional recovery of up to $28,978.56.[3] *See Traxler v. Multnomah County*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's alleged lost wages total **$72,446.40**.

29.     **Emotional Distress Damages.** In addition to economic damages, Plaintiff claims that as a result of Defendant's alleged conduct, he has suffered general damages, as he was purportedly emotionally injured. "Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial." (Compl., ¶¶ 30, 40, 49, 56, 66.)

30.     In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for discrimination and wrongful termination. (*Id.*)

31.     In fact, such damages may well exceed $122,000. A review of jury verdicts in California demonstrates as much. *See, e.g., Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination action); *Aboulafia v.*

---

[3] ($185.76 x 52) annually x 3 years =$28,978.56.

DEFENDANT'S NOTICE OF REMOVAL TO USDC

*GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); W*ard v. Cadbury Schweppes Bottling Grp.*, 09CV03279 (DMG), 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in a discrimination action); *Mathews v. Happy Valley Conference Ctr., 43* Cal. App. 5th *236, 247 (Cal. Ct. App. 2019)* (award of $275,000 in non-economic damages for suit alleging retaliatory termination under several legal theories.). These awards demonstrate that, for diversity purposes, the alleged value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement.

32.    **Attorneys' Fees.** Plaintiff also claims statutory entitlement to reasonable attorney's fees. (Compl., Prayer for Relief, (3).) Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt, supra*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). The amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees **through trial**. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

33.    Defendant anticipates that the parties will propound written discovery, that depositions will be taken in this case, and that Defendant will file a Motion for Summary Judgment. (Pollaci Dec. ¶ 4.) Here, if Plaintiff prevails, he could be entitled to an award of attorneys' fees that alone are "more likely than not" to exceed $75,000, as is typical in employment cases alleging discrimination/retaliation and wrongful termination. Indeed, Courts have awarded attorneys' fees in excess of $75,000 in cases involving discrimination. *See, e.g., Crawford v. DIRECTV, Inc.*, No. BC417507, 2010 WL 5383296

10

DEFENDANT'S NOTICE OF REMOVAL TO USDC

315318590v.2

(Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, No. B185408, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims including discrimination case).

34.    **Punitive Damages.** Plaintiff also seeks punitive damages in the Complaint. (Compl., Prayer for Relief, (5).) The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

35.    Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged retaliation cases. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in retaliation case).

36.    In sum, Plaintiff's aggregated recovery on his claims, including compensatory damages such as lost wages and emotional distress damages, attorneys' fees, and punitive damages, easily satisfies the $75,000 jurisdictional threshold. While Defendant vehemently denies any liability as to Plaintiff's claims, it is "more likely than not" that the alleged amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

37.    Because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1), and removal is proper.

**V. VENUE**

38.    Venue lies in the United States District Court for the Southern District of California, pursuant to 28 U.S.C. sections 84(c)(2), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of San

11

315318590v.2

Diego. (*See,* **Exhibit 1**.) Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VI.   NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

39.   Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of San Diego. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

40.   In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibit 1** and **Exhibit 2**. (Pollaci Dec. ¶ 3.)

## VII.   PRAYER FOR REMOVAL

Wherefore, Defendant Lowe's Home Centers, LLC, prays that this civil action be removed from the Superior Court of the State of California, County of San Diego to the United States District Court for the Southern District of California.

DATED: December 31, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By:  */s/ Jamie Pollaci*
Jamie C. Pollaci
Natasha Harper
Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

12

DEFENDANT'S NOTICE OF REMOVAL TO USDC

315318590v.2